IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. CR-06-126-S-BLW |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM DECISION** |
| v. | ) | **AND ORDER** |
| | ) | |
| KENT ALLEN JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**INTRODUCTION**

The Court heard argument on a number of motions on May 27, 2008, and

took them under advisement.  For the reasons expressed below, the Court will deny

all of the motions argued at that hearing, except for the motion to sever, which the

Court will reserve.

After the hearing, both the Government and defendant Weitzman filed

motions to continue.  For the reasons expressed below, the Court will grant

Weitzman's motion to continue, and reserve ruling on the Government's motion to

continue.

The Court will proceed first to resolve the motions heard at oral argument.

**Memorandum Decision and Order – Page 1**

1.      **Motion to Dismiss for Vindictive Prosecution**

The defendants claim the Government filed the Second Superseding

Indictment to secure venue here, in response to defense arguments that venue was

improper in Idaho.  The defendants claim that the vindictive prosecution doctrine

prevents the Government from amending its indictment in response to defendants'

attempts to protect their constitutional rights.

The Court must first determine whether the Government's "course of

conduct appears motivated by a desire to punish the defendant for exercising a

legal right."  *U.S. v. Jenkins*, 504 F.3d 694, 699 (9th Cir. 2007).  If so, the Court

must then decide whether the Government "has come forth with sufficient evidence

to dispel any appearance of vindictiveness."  *Id.*  The lack of direct evidence is not

fatal to defendants' motion; the defendants are "entitled to a presumption of

vindictiveness if [they] can show that the . . . charges were filed because [they]

exercised a statutory, procedural, or constitutional right in circumstances that give

rise to an appearance of vindictiveness."  *Id.*  "The appearance of vindictiveness

results only where, as a practical matter, there is a realistic or reasonable likelihood

of prosecutorial conduct that would not have occurred but for hostility or a punitive

animus towards the defendant because he has exercised his specific legal rights."

*Id.* (quoting *United States v. Gallegos-Curiel,* 681 F.2d 1164, 1168 (9th Cir.1982)).

**Memorandum Decision and Order – Page 2**

"Departures from the initial indictment do not raise presumptions of vindictiveness except in a rare case." *Id.* at 1170.  In the course of preparing a case for trial, "the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the State has a broader significance." *Id.*

From the affidavits submitted on this issue, it appears that early-on, defense counsel challenged venue in Idaho, and the lead AUSA was contemplating changing venue in this case to California.  Later, however, the AUSA told one defense counsel that he had changed his mind because of the "extreme inconvenience to him inherent in having to conduct an extended trial away from his family." *See Gordon Affidavit* at p. 4.  In addition, the AUSA claimed "that he had learned additional information from one or more witnesses." *Id*.  Sperow's co-counsel filed her affidavit stating that a co-AUSA told her that naming Weitzman as a defendant in Count Two – the drug conspiracy charge – "would eliminate the venue problem in Idaho." *See Massoth Affidavit* at p. 3.

On January 4, 2008, the AUSA sent a letter to defendant Sperow's counsel stating that the Government was proceeding to the Grand Jury to obtain a Second Superseding Indictment "after months of additional work on our part, and the accumulation of significant additional evidence." *See Exhibit A.*  The letter

**Memorandum Decision and Order – Page 3**

contained a final plea offer that was rejected by Sperow.

Five days later, on January 9, 2008, the Grand Jury returned a Second Superseding Indictment, adding defendant Weitzman to the charge in Count Two that alleged a conspiracy to distribute drugs. Defendants claim that the timing and substance of the Second Superseding Indictment at least creates an appearance that the Government vindictively shored-up its venue allegations in retaliation for the defendants' assertion of their constitutional right to proper venue.

The Court disagrees. As discussed above, an appearance of vindictiveness arises only upon a showing by defendants that there is a "realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or a punitive animus towards the defendant because he has exercised his specific legal rights." *Jenkins*, 504 F.3d at 699. No such appearance arises here. The timing and substance of the Second Superseding Indictment appears to be due to the large amount of time it took for the Government to sift though a huge record extending back thirty years. Moreover, the timing of its filing also appears to have been influenced significantly by long discussions with defendants regarding resolution of the charges, which postponed the filing of the new allegations. *See Gleason Declaration* at p. 3. Accordingly, the Court cannot find that this motion should be granted.

**Memorandum Decision and Order – Page 4**

**2.      Motion to Dismiss for Speedy Trial Violations**

Defendants Sperow and Weitzman move to dismiss the indictment on the

ground that their constitutional and statutory speedy trial rights were violated.

With regard to their constitutional rights, the Court must balance four factors:

Length of delay, the reason for the delay, the defendant's assertion of his right, and

prejudice to the defendant.

The defendants argue that the "government's failure to bring [co-defendant

Hammons] to this court in a timely manner constitutes – at the very least – gross

negligence, and, equally obvious, Sperow has suffered the consequences of that

failure." *See Defense Brief on Speedy Trial* at p. 9.  This argument requires the

Court to examine the Government's conduct in bringing Hammons before this

Court.

The original indictment here was filed June 19, 2006, and named Hammons

and ten co-defendants, charging them with operating a Continuing Criminal

Enterprise spanning 30 years.  The indictment was sealed due to an ongoing

investigation.

About three months later, on September 13, 2006, the indictment was

unsealed and most of the defendants arrested.  But Hammons had already been

arrested on another charge – obtaining a false passport – and was incarcerated in

**Memorandum Decision and Order – Page 5**

New Hampshire awaiting trial.

The Government filed a Detainer against Hammons on September 18, 2006, five days after unsealing the indictment in this case.  Hammons case in New Hampshire proceeded until he agreed to a Rule 20 transfer of his passport case to Idaho.  However, Hammons' counsel mistakenly sought and obtained an order transferring Hammons to Oregon in October of 2007.  That mistake – by defense counsel in New Hampshire – caused delays that were not resolved until the end of January of 2008.  Eventually, Hammons' counsel agreed to a dismissal of the passport charges in Oregon with the understanding that they would be re-filed in Idaho.  Hammons was then arraigned in Idaho on February 19, 2008.

At that time, trial was set for just a month away, March 31, 2008.  Hammons understandably needed time to prepare, especially given the massive amount of discovery provided by the Government.  Hammons' counsel requested a continuance that was granted by the Court, and trial was reset for June 16, 2008.

Nothing in this chronology shows that the Government acted improperly in bringing Hammons before this Court.  There were long delays, occasioned by Hammons incarceration in New Hampshire and the mistakes of his counsel in transferring him to Oregon.  But the Court can find nothing to substantiate defendants' claims that the Government acted improperly in any manner.

**Memorandum Decision and Order – Page 6**

Even if the Government was not responsible for Hammons' delay, the defendants argue, the Government should have severed Hammons to avoid prejudicing his co-defendants.  But it was those very co-defendants who were requesting delays.  On September 16, 2007, co-defendant Weiztman filed a motion to continue that resulted in the trial being reset to December 10, 2007, and then, with agreement of all defendants, reset again to January 2, 2008.

Most importantly, the delays in this case were principally caused by the extraordinary complexity of this case.  The indictment charges a Continuing Criminal Enterprise spanning 30 years and numerous states.  The defendants include an attorney who is alleged to have set up false legal entities to launder millions of dollars of drug proceeds, and to have assisted another defendant to remain a fugitive for eight years.  In addition, the indictment alleges that the defendants oversaw sophisticated large-scale methamphetamine and marijuana operations.  Moreover, the extent of the involvement of defendant Weitzman – the attorney – was not known until after records seized in September of 2007 were examined.  He was added as a defendant in a superseding indictment on May 23, 2007, and later filed a motion to continue the trial, as discussed above.

**Memorandum Decision and Order – Page 7**

The discovery generated by these charges is immense.  Judging by the requests for continuance from the defendants, the time needed to prepare an adequate defense was far longer than the typical case, and warranted the delays seen here.

Defendants also base this motion on vindictive prosecution.  The Court has already resolved this issue in favor of the Government, and cannot find that it forms the basis for a speedy trial violation.

Examining all these circumstances under the *Baker* factors, the Court cannot find that defendants constitutional or statutory rights to a speedy trial were violated.

**3.     Motion to Dismiss for Pre-Indictment Delay**

Defendant Sperow alleges that pre-indictment delay violated his Fifth Amendment right to due process.  He claims prejudice by listing a number of favorable witnesses who are now either dead or unavailable due to this delay.

To make this claim, a defendant must show (1) that he suffered actual nonspeculative prejudice from the delay, and (2) that the delay, when balanced against the Government's reasons for it, "offends those fundamental conceptions of justice which lie at the base of civil and political institutions." *United States v. Gilbert*, 266 F.3d 1180, 1187 (9th Cir. 2001) (citations omitted).

**Memorandum Decision and Order – Page 8**

One problem for Sperow at this stage of the proceedings is that the Second Superseding Indictment alleges that his crimes continued past the date of his arrest in 2004 and into 2006.  Much of the purported delay appears to be the result of the Government's investigation into a long and complex criminal scheme that allegedly remained ongoing even after Sperow was incarcerated.  Pre-indictment delay caused by such an ongoing investigation cannot constitute a Fifth Amendment violation in the absence of some negligence or reckless conduct by the Government in its investigation.  *See U.S. v. Tornabene*, 687 F.2d 1188 (9th Cir. 1995).  There is none here.

Moreover, Sperow was a fugitive from 1996 until his arrest in May of 2004, a period of eight years.  Given the immense scope of this case, there is no chance that it would have gone to trial in 2004, and only a very small chance that it would have been tried in 2005.  Witnesses who became unavailable in those years would not have been of assistance to Sperow in any event.  With regard to the remaining witnesses, Sperow simply speculates about testimony that they might have provided, but that showing does not rise to the level of actual prejudice.  *See U.S. v. Mays*, 549 F.2d 670, 677 (9th Cir. 1977) (holding that "[t]he assertion that a missing witness might have been useful does not show the [required] actual prejudice").  While defendant Weitzman joins in the motion, he provides nothing

**Memorandum Decision and Order – Page 9**

to distinguish himself from Sperow, and so the same analysis would apply here.

For all of these reasons, the Court cannot find a Fifth Amendment violation here.

### 4.    Motion to Change Venue

During oral argument on this motion, the defense conceded that it would be premature to dismiss the case at this point on the basis of lack of venue, but put the Government on notice that they would be challenging venue at trial and would be moving at the close of the Government's case-in-chief to dismiss the case for a lack of venue.  The Court will therefore deny this motion without prejudice to the rights of defendants to re-raise the motion depending on the evidence presented by the Government.

### 5.    Statute of Limitations Issue

Defendant Sperow argued that because the Second Superseding Indictment alleges that the conspiracy continues to January 8, 2008, the five-year statute of limitations means that no evidence predating January 8, 2003, may be introduced. In his reply brief, Sperow seeks an order to this effect.  The Court disagrees.  The Circuit has held that although the statute of limitations on conspiracy charges limits how much time the Government has to indict an alleged violator once a conspiracy is complete, it does not limit the temporal scope of a conspiracy for which a violator is liable.  *Flintkote Co. v. U.S.*, 7 F.3d 870, 873 (9th Cir. 1993).  Given the

**Memorandum Decision and Order – Page 10**

allegations of the Second Superseding Indictment, the Court cannot limit the testimony to acts predating January 8, 2003.

**6.      Motion in Limine to Exclude Evidence**

Defendants seeks to exclude certain categories of evidence to narrow the scope of the trial.  The Court finds that such a ruling must await trial, when the Court can see the context in which the evidence is presented.  The Court will therefore deny the motion at this time without prejudice to the rights of the defendants to raise objections to evidence at trial on these grounds.

**7.      Motion to Exclude Greg Gleason**

This motion was made by defendants because the Government failed to provide a summary of testimony of expert Greg Gleason.  However, the Government provided that summary on May 7, 2008.  This motion will accordingly be denied.

**8.      Weitzman's Motion to Continue**

Defendant Weitzman, 64 years of age, is suffering from non-Hodgkin's lymphoma, as diagnosed by his physician, Dr. Mansoor Javeed.  In June of 2007, he underwent aggressive chemotherapy when a particular "marker" for his disease was detected in his blood stream at high levels.  The effects of chemotherapy include mouth sores, nausea and indigestion, nervousness, and insomnia.  Even

**Memorandum Decision and Order – Page 11**

more serious side effects include short-term memory loss, difficulty in concentrating, and, in extreme cases, seizures, vision loss, and dementia.

From the documents filed with the motion, it appears from blood tests that the "markers" for this disease are increasing and approaching levels that require chemotherapy. Given the harsh effects of chemotherapy described above, the Court finds that it must grant Weitzman's motion to continue the trial. The Court will not reset trial at this time but will direct counsel to contact LaDonna Garcia (208-334-9021) to set up a telephone status conference in about thirty (30) days to determine when trial should be set.

**9.     Sperow's Motion to Sever & Government's Motion to Continue**

The present intention of the Court is to sever Sperow and proceed to trial with him only on June 16, 2008. While Sperow's Speedy Trial rights have not been violated, it appears necessary to try him as soon as possible, given the chronology of this case. Defendant Weitzman's physical condition may be uncertain enough that the delay in his trial – and Sperow's if he is not severed – might be lengthy. However, the Court will reserve ruling until Sperow and the Government have had an opportunity to comment on the Court's intention. Those responses must be filed by June 9, 2008.

**Memorandum Decision and Order – Page 12**

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED that the motion for joinder (Docket No. 490); motion in limine to exclude Gleason (Docket No. 493); motion to change venue (Docket No. 495); motions to dismiss (Docket Nos. 484, 486, 489, & 494); and motion in limine (Docket No. 492) be DENIED.

IT IS FURTHER ORDERED that the motion to sever (Docket No. 482) and the motion to continue filed by the Government (Docket No. 614) are RESERVED.

IT IS FURTHER ORDERED, that the Government and Sperow shall file briefs on or before June 9, 2008, responding to the Court's present intention to sever Sperow from Weitzman and proceed to trial with Sperow only on June 16, 2008.

DATED:  **June 6, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 13**