IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CR-06-126-S-BLW |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GREGORY FRANK SPEROW, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Gregory Frank Sperow's Motion to Reconsider (Docket No. 631) the Court's Memorandum Decision and Order (Docket No. 616) in which it denied several motions on which oral argument had been held on May 27, 2008.[1] Sperow also requests that an evidentiary hearing be

---

[1] In its Memorandum Decision and Order (Docket No. 616), the Court denied the Motions appearing at Docket Nos. 484, 486, 489, 490, 492, 493, 494, and 495. The Court reserved ruling on Sperow's Motion to Sever (Docket No. 482) and the Motion to Continue (Docket No. 614). Subsequently, Sperow filed a Motion to Withdraw the Motion to Sever (Docket No. 617) which included a stipulation by the parties to continue the trial. The Court then granted the Motion to Withdraw effectively terminating the Motion to Sever (Docket No. 482) and vacating the trial. *See Order* (Docket No. 620).

**Order - 1**

set on those motions and any other motions brought by him or motions brought by Weitzman and Hammons in which he joined.

## MOTION TO RECONSIDER

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) Error must be corrected; and (2) Judicial efficiency demands forward progress. The former principal has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.,* 591 F.2d 74, 79-80 (9th Cir. 1979). While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone. Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to

**Order - 2**

revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988). "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Louen v Twedt*, 2007 WL 915226 (E.D.Cal. March 26, 2007). If the motion to reconsider does not fall within one of these three categories, it must be denied.

Sperow's Motion to Reconsider simply restates arguments previously raised and rejected by the Court. Sperow has not presented any justification based on the above-enumerated factors prompting the Court to revisit its decision. Sperow complains that the Court did not cite or analyze certain recent Ninth Circuit cases relied upon in his motions to dismiss. However, the Court considered those cases at the time it issued its decision, has again reviewed them, and concludes that its resolution of the various issues raised by Sperow comports with those cases. Accordingly, Sperow's Motion to Reconsider is denied.

## OTHER PENDING MOTIONS

While not specifically identifying the motions the he claims are unresolved, Sperow requests an evidentiary hearing and a reasonable time within which to

**Order - 3**

independently brief the pending motions. A review of the record indicates that all motions pending at the time of the Court's decision filed by either Sperow or Weitzman have either been resolved in the decision or withdrawn except for Motion for Joinder (Docket No. 500) in Weitzman's motions, Motion for Joinder (Docket No. 556) in Hammons' motions, and Hammons' motions (Docket Nos. 538, 539, 540, 541, 542, and 543. The Motion for Joinder in Weitzman's motions is moot given that the Court heard and considered Weitzman's motions in conjunction with Sperow's motions. The Court disposed of those motions as indicated above.

The record reflects that the Court imposed a dispositive motions deadline of April 1, 2008 on Sperow and Weitzman at a status conference held on February 20, 2008. *See* Docket No. 453. At the same status conference, the Court imposed a deadline of May 1, 2008 on Hammons. The Court notes that Hammons' motions were timely filed on April 30, 2008. Sperow cannot circumvent the Court's order imposing an April 1, 2008 deadline on him by moving to join in motions filed by Hammons a month later.[2] Accordingly, Sperow's Motion for Joinder in Hammons' motions is denied.

---

[2] Hammons' motions have not been addressed because he has entered into a Plea Agreement and is scheduled to be sentenced on August 19, 2008.

**Order - 4**

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Sperow's Motion to Reconsider (Docket No. 631) and Motion for Joinder (Docket No. 556) are DENIED.

IT IS FURTHER HEREBY ORDERED that Sperow's Motion for Joinder (Docket No. 500) is MOOT.



DATED: **July 23, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

Order - 5