UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>GREGORY FRANK SPEROW,<br><br>　　　　　　　Defendant. | Case No. 1:06-cr-00126-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Gregory Frank Sperow's ("Sperow") Motion to Stay Final Order of Forfeiture (Dkt. 1155) and the Government's Motion to Strike Defendant's Motion for Stay (Dkt. 1166). For the reasons set forth below, the Court denies both Motions.

## BACKGROUND

Sperow pleaded guilty to the following charges in the Second Superseding Indictment (Dkt. 425): drug conspiracy in violation of 21 U.S.C. §§ 841 and 846 (Count Two), money laundering conspiracy in violation of 18 U.S.C. § 1956(h) (Count Three), and the forfeiture allegations pursuant to 21 U.S.C. § 853(a) and 18 U.S.C. § 982(a)(1) (Counts 7 and 8). *Amended Plea Agreement* (Dkt. 666). Among the assets Sperow agreed to forfeit was what the parties refer to as "the Lancaster property." *Id*. at 8-11.

Based on the Amended Plea Agreement and convictions for drug trafficking and

money laundering, the Court entered a Preliminary Order of Forfeiture (Dkt. 872) which was incorporated into the Judgment (Dkt. 883) entered on July 1, 2009 forfeiting Sperow's interests in all assets named in the Second Superseding Indictment including the Lancaster property.

A Final Order of Forfeiture (Dkt. 1148) was entered as to the Lancaster property on May 9, 2011. Sperow filed a Notice of Appeal (Dkt. 1154) of that Order on May 20, 2011. He then filed the pending Motion for Stay pending appeal pursuant to Rule 32.2(d) of the Federal Rules of Criminal Procedure.

Sperow's stated grounds for the stay are that he filed a timely notice of appeal from the final order of forfeiture, that he is preparing a motion pursuant to 28 U.S.C. § 2255 and believes it will result in vacating his Amended Plea Agreement, and that he would be prejudiced if a stay is not granted.

The Government moves to strike the Motion for Stay on the grounds that Sperow lacks standing to intercede in the ancillary proceeding, that the Court lacks jurisdiction to consider the Motion for Stay, and that Defendant waived his right to contest the forfeiture in his Plea Agreement. Sperow has not responded to the Government's Motion to Strike or requested an extension of time to respond.

## DISCUSSION

A court may stay an order of forfeiture pending appeal of a final order of forfeiture to "ensure that the property remains available pending appellate review." Fed. R. Crim. P. 32.2(d). The stay does not delay any ancillary proceedings or determination of third

**MEMORANDUM DECISION AND ORDER - 2**

party rights. *Id*. However, the stay does prevent a court from transferring any property interest to a third party until the appeal becomes final or the defendant consents. *Id*. Prior to considering Sperow's Motion for Stay, however, the Court must necessarily consider the Motion to Strike.

1.  **Motion to Strike**

    A.  **Lack of Standing**

The Government contends that Sperow lacks standing to intercede in the ancillary proceeding because he has no remaining rights in the forfeited property and because 21 U.S.C. § 853(n)(2) specifically excludes a defendant in a criminal case from filing a claim in a related ancillary proceedings. The Court agrees that he has no standing to participate any ancillary proceeding. However, the Court does not view Sperow's Motion for Stay as an attempt to participate or file a claim in an ancillary proceeding. Rather, he is merely seeking a stay of the proceedings pursuant to Rule 32.2(d). Even when confronted with an apparent conflict between the rule and another more relevant section of the forfeiture statute, courts have found that a defendant has standing to request a stay.

Section 853(h) provides in part that "Upon application of a person, *other than the defendant* . . . the court may restrain or stay the sale or disposition of the property pending the conclusion of any appeal of the criminal case giving rise to the forfeiture . . . ." 21 U.S.C. § 853(h) (emphasis added). Rule 32.2 does not specifically exclude a defendant from seeking a stay. Courts have rejected government claims that § 853(h) precludes standing citing the Rules Enabling Act which provides that "all laws in conflict

**MEMORANDUM DECISION AND ORDER - 3**

with the federal rules of procedures 'shall be of no further force or effect after such rules have taken effect.'" *See United States v. Riedl*, 214 F. Supp. 2d 1079, 1082 (D. Haw. 2001) (citing *United States v. Bachner*, 741 F. Supp. 221 (S.D. Fla. 1990)). *See also United States v. Quinones*, No. 06-CR-845(S-2)(FB), 2009 WL 4249588, at *1-2 (E.D.N.Y. Nov. 25, 2009) (same); *United States v. Peters*, No. 03-CR-211(1)S, 2011 WL 1869029 (W.D.N.Y. May 13, 2011) (addressing defendant's motion to stay on the merits without addressing standing issue).

### B. Lack of Jurisdiction

The Government contends that the Court lacks jurisdiction to entertain a challenge to the final order of forfeiture because the preliminary order of forfeiture was a final appealable order as to Sperow and his failure to file a timely notice of appeal of the preliminary order divested the Court of jurisdiction from hearing a subsequent challenge by Sperow. *Govt. Mem. in Support of Mo. to Strike* at 4-5 (Dkt. 1166-1) (citing *United States v. Bennett*, 147 F.3d 912, 914 (9th Cir. 1998) and *United States v. Christunas*, 126 F.3d 765, 768 (6th Cir. 1997)). Although *Bennett* and *Christunas* so hold, Sperow is not challenging the forfeiture. He is seeking a stay under Rule 32.2(d) which he is entitled to do. Therefore, the Court has jurisdiction to address the motion.

C.  Waiver

The Government cites language from the Amended Plea Agreement indicating that Sperow waived his right to contest the forfeiture. The language clearly does constitute such a waiver and would be an available defense to Sperow's appeal. However, it is less clear that it applies here since Sperow's motion is not contesting the forfeiture directly. Even if it did, waiver would be more in the nature of a defense to the Motion for Stay rather than grounds for striking it.

2.  Motion to Stay

As stated above, Rule 32.2(d) permits a court to stay a forfeiture order if, as relevant here, a defendant appeals from an order of forfeiture. However, a court is not *required* to stay forfeiture proceedings. *See United States v. Houghton*, 132 Fed. Appx. 130, 132 (9th Cir. 2005).

In deciding whether to stay a forfeiture order, courts have considered several factors:

> (1) the likelihood of success on appeal, (2) whether the forfeited asset will likely depreciate over time, (3) the forfeited asset's intrinsic value to the Defendant (the availability of substitutes), and (4) the expense of maintaining the forfeited property.

*United States v. Riedl*, 214 F. Supp. 2d 1079, 1082 (D. Haw. 2001) (collecting cases). *See also United States v. Peters*, No. 03-CR-211(1) S, 2011 WL 1869029, at *1 (W.D.N.Y. May 13, 2011) (citing *Riedl*); *United States v. Davis*, No. 07-cr-11 (JCH), 2009 WL 2475340, at *2 (D. Conn. June 13, 2009)( citing *Riedl*).

MEMORANDUM DECISION AND ORDER - 5

Here, Sperow's claimed grounds are that he has appealed the final order of forfeiture and he is planning to file a § 2255 motion which he believes will cause his Amended Plea Agreement to be "vacated." The Court need look no further than the first relevant factor – the likelihood of success on appeal – to deny the Motion for Stay. A review of the Ninth Circuit docket reveals that his appeal is subject to dismissal for failure to timely appeal the order of forfeiture after it became final as to him on July 1, 2009 – unless he can show cause why it should not be dismissed as untimely. *See United States v. Sperow*, No. 11-30132, Order, Dkt. 6 (Ninth Circuit Aug. 4, 2011). Furthermore, whether he will prevail on his yet-to-be-filed § 2255 motion, the grounds for which he has not identified, is totally speculative and conclusory. In any event, Rule 32.2 does not provide for a stay of forfeiture proceedings during the pendency of a § 2255 proceeding.

## ORDER

**IT IS ORDERED:**

1. The Government's Motion to Strike Defendant's Motion for Stay (Dkt. 1166) is **DENIED**.

2. Defendant's Motion to Stay Final Order of Forfeiture (Dkt. 1155) is **DENIED**.



DATED: **August 29, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 7**