UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY FRANK SPEROW,<br><br>Defendant. | Case No.   1:06-cr-00126-BLW<br>                    1:12-cv-00158-BLW<br><br>**ORDER** |

Pending before the Court in Case No. 1:06-cr-00126-BLW is Gregory Frank Sperow's ("Sperow") Motion to Unseal and Make Documents Available (Dkt. 1197). Having reviewed the Motion, and considered the Government's Response (Dkt. 1198) and Sperow's Reply (Dkt. 1199), the Court enters the following Order granting the Motion in part. Because Sperow requests the documents in connection with his pending Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. 1 in Case No. 1:12-cv-00158-BLW), the Court will direct that this Order be filed in that case as well.

**ORDER - 1**

**1.      Background**

Sperow moves for an order in his criminal case to unseal numerous documents referenced in the caption to his Motion[1] and make them available to him because he deems them "necessary to establish whether the due process right to notice and an opportunity to be heard at a meaningful time and in a meaningful manner, a constitutional protection under the Fifth and Fourteenth Amendments, has been violated in the instant case." He further states that they are "necessary and proper" to the preparation of his § 2255 brief and that "the lack thereof will negatively impact is ability to properly reply to the Government's response." One of the requested documents is a hearing transcript. The Court presumes he is requesting the documents at government expense given his *in forma pauperis* status. Only a handful of the requested documents are actually sealed.

The Government opposes the request for what it approximates are "150 docket entries, of which 19 are sealed documents and may contain *ex parte* communications with the Court" and because "[t]he remaining 130-plus documents pertain to co-defendants in this case." *Response* at 1. The Government also objects because the "key issue" raised by the Government in response to the pending § 2255 Motion is waiver and the requested documents do not appear to relate to that issue. Finally, it objects on the grounds that the Motion further delays resolution of the § 2255 Motion.

---

[1] Sperow seeks Dkt. Nos. 1-20; 33-38; 41-47; 49-97; 99-104; 106; 108-109; 111-122; 124-125; 128-131; 133-134; 136-139; 141; 143-145; 157-158; 160-166; 168-171; 173; 176-179; 187-188; 190-192; 194; 196-200; 202-205; and 213-214.

**ORDER - 2**

In his Reply, Sperow appears to limit his request to Dkts. 1-20. He states that he has found gaps in the Docket Report and that he feels the sealed documents are "pertinent to his defense." He cites as an example "a missing Temporary Restraining Order ("TRO") whereby the mandatory fourteen (14) day period pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure was violated." He feels "[t]his would show further evidence of ineffective assistance of counsel . . . ."

Despite Sperow's now limited request, and because he requests "the right to reserve the unsealing of the other noted document entry numbers as may be pertinent to his defense," the Court will address the entire initial request.

2.    **Legal Standards**

After a § 2255 motion is filed, transcripts may be furnished to a prisoner at Government expense (1) if the prisoner is entitled to proceed *in forma pauperis*, and (2) the Court certifies that the claim raised in the § 2255 proceeding is not frivolous *and* the transcript is needed to decide the motion. *See* 28 U.S.C. § 753(f).

A court is required to furnish an indigent prisoner without cost "certified copies of such documents or parts of the record on file . . . as may be required by order of the judge" before whom a habeas petition is pending. 28 U.S.C. § 2250.

3.    **Discussion**

Taken together, the gist of the above-cited authority is that the prisoner must provide the Court with sufficient information on which it can make a determination that the requested transcripts or documents are necessary to decide the § 2255 Motion or are

ORDER - 3

relevant to the issues raised therein.  If the Court makes that determination, it is required to provide them to the prisoner without cost.

Sperow has asserted seventeen ineffective assistance of counsel claims in his pending § 2255 Motion.[2]  The Government has responded to each of those claims on the merits and also asserted waiver as a defense in its Response and Motion to Dismiss (Dkts. 26 and 27 in Case No. 1:12-cv-00158-BLW).  Yet Sperow's stated reasons in the pending motion for requesting the documents are to establish an alleged due process violation that was not raised in his § 2255 Motion and to assist in responding to the Government's Response to his § 2255 Motion. Although he refers in his Reply to "further evidence of ineffective assistance of counsel," Sperow does not specify the claims or claims in his § 2255 Motion that the requested documents would support.

Even before receiving the Government's Response, the Court conducted an independent review of the documents sought by Sperow and concurs that they have no

---

[2]  The claims of ineffective assistance of counsel are as follows:  failure to conduct any pretrial investigation (Ground One), failure to move the Court to suppress specific evidence seized (Ground Two), failure to move the Court to appoint a forensic accountant or to use his forensic accountant to document the origin of his assets (Ground Three), failure to prepare for trial (Ground Four), failure to challenge the money laundering counts pursuant to the *Santos* decision (Ground Five), failure to investigate and prepare for sentencing (Ground Six), failure to challenge the Court's reliance on factors that increased the offense level under the Sentencing Guidelines (Ground Seven), failure to challenge the marijuana amounts attributed to him (Ground Eight), failure to challenge the venue specific to the methamphetamine charged in the predicate acts and attributed to him in the Indictment and the Presentence Report ("PSR") (Ground Nine), failure to timely object to the PSR (Ground Ten), failure to notify the Court that the PSR was factually inaccurate and fundamentally defective (Ground Eleven), failure to challenge the unwarranted sentence disparity between him and his co-Defendants (Ground Thirteen), deficient performance at all stages of the proceeding (Ground Fourteen), failure to file a Notice of Appeal of the Preliminary Order of Forfeiture (Ground Fifteen), failure to assert his speedy trial rights (Ground Sixteen), and failure to notify the Court at sentencing that it did not properly credit him with time served on a prior expired sentence and pre-trial credit (Ground Seventeen).

**ORDER - 4**

demonstrated relevance to his claims or defense of the Motion to Dismiss.  The Court will not identify and address each document.  Rather, it will only address categories of documents.

### A. Transcript

Sperow requests the transcript of a co-Defendant's detention hearing (Dkt. 129). The Court simply cannot find that the transcript "is needed to decide the motion" as required by 28 U.S.C. § 753(f).  The detention hearing only addressed the co-Defendant's suitability for release.  The Court has conducted a word search of the transcript and found no mention of Sperow during the hearing.

### B. Documents

#### (1) Sealed

The large majority of the requested sealed documents are the Indictment, Superseding Indictment, related arrest warrants, and motions and orders pertaining to detention status of various co-Defendants.  Others relate to cost requests from counsel for certain co-Defendants.  Two, Dkt. Nos. 178 and 179, are Sperow's ex parte pro se requests for expert witness funds.  The remaining sealed documents are motions and orders (one of which is the TRO to which Sperow refers) pertaining to assets of several of the Defendants which were to be forfeited.

Specifically regarding Dkts. 1-20, the Court notes that Dkt. 1 is the Indictment which is not relevant to any raised issues because Sperow pleaded guilty to the Second Superseding Indictment (Dkt. 425).  Dkts. 2-15 are arrest warrants for Sperow and

several co-Defendants and a Motion and Order to seal them and the Indictment. These documents are not relevant to any pending issues. Dkts. 16-20 are the motion, supporting affidavit, motion and order to seal, and the TRO (the "TRO documents"). The TRO was issued in connection with the criminal forfeiture allegations in the Indictment. Any challenge to a forfeiture order is not cognizable in a § 2255 proceeding. *See United States v. Kramer*, 195 F.3d 1129 (9th Cir. 1999) (rejecting claim that restitution order violated his due process rights and right to effective assistance of counsel because § 2255 is only available to prisoners seeking release from custody and not for challenging fines or restitution orders). *See also United States v. Finze*, 428 Fed. Appx. 672 at *4 (9th Cir. 2011) (claim limited to constitutionality of a forfeiture order is not a cognizable § 2255 claim) (citing *United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002)); *Thiele*, *id*. (whether or not the motion contained other claims seeking release from custody, claim of ineffective assistance of counsel for failure to argue that defendant would be unable to pay the restitution ordered was not cognizable); *Mamone v. United States*, 559 F.3d 1209, 1211 (11th Cir. 2009) (same). Because forfeiture challenges and related ineffective assistance of counsel claims are not cognizable in a § 2255 proceeding, the TRO documents are likewise not relevant.

   *(2)* **Unsealed**

  The large majority of unsealed documents requested by Sperow have no apparent relevance to his claims of ineffective assistance of counsel given that they relate to various co-Defendants and not to Sperow. They are notices of hearings, notices of

appearance of counsel, notices of appointment of counsel, substitutions of counsel, minutes of arraignments, procedural orders, motions for detention, minutes of detention hearings, orders setting conditions of release, motions for discovery, the Government's responses to discovery requests, arrest warrant returns, Rule 5(c)(3) returns for co-Defendants arrested out of state, orders for interim payment to counsel, motions of a co-Defendant challenging a subpoena and requesting discovery and orders regarding same, various co-Defendant's motions to vacate hearings and orders granting same, and pretrial motions of various co-Defendants.  Again, none of these documents pertain to Sperow or the handling of his case.  While this list is not exhaustive, the Court is confident that the unsealed documents Sperow requests are not required for resolution of his ineffective assistance of counsel claims.

## CONCLUSION

In reaching its decision, the Court is cognizant of the fact that Sperow must respond not only to the Government's waiver argument but also to its merits arguments. Nevertheless, with the exception of sealed documents at Dkt. Nos. 178 and 179, the Court finds that neither the transcript nor the other requested sealed or unsealed documents are relevant to or are needed to advance Sperow's claims of ineffective assistance of counsel or to respond to the Government's Motion to Dismiss.  The Court will grant the motion to unseal as to those two documents for the limited purpose of providing them to Sperow, together with the Ex Parte Order (Dkt. 186) addressing those motions, given their potential relevance to the claim of ineffective assistance of counsel

for failure to request a forensic accountant (Ground Three). If Sperow ultimately relies on those documents in his response, they will be made available to the Government as well.

As to the remaining documents, Sperow has not made the requisite showing that they should be provided at government cost. "*In forma pauperis* status does not entitle a prisoner to free copies of documents from the existing Court record." *Armstead v. United States*, 2012 WL 380280 (W.D.Wash. Feb. 6, 2012). Sperow is free, however, to obtain copies of the requested documents by submitting a request to the Clerk's Office together with the fee for copying the documents.[3] *Id*. However, because of the apparent irrelevance of the documents, the Court will not further delay the proceedings in order for Sperow to obtain them should he decide to do so at his expense.

It may be that Sperow is seeking the documents to support additional claims he would like to advance. However, the statute of limitations set forth in 28 U.S.C. § 2255(f) has run on any new claims as noted in the Memorandum Decision and Order denying Sperow's prior Motion to Amend. *See Mem. Dec. and Order*, Dkt. 11 in Case No. 1:12-cv-00158-BLW and the Memorandum Decision and Order denying his Motion to Supplement to be filed concurrently herewith in Case No. 1:12-cv-00158-BLW.

## ORDER

**IT IS ORDERED:**

---

[3] Any request for a sealed document must be made by a properly supported motion.

1. That Sperow's Motion to Unseal andn Make Documents Available (Dkt. 1197) is **GRANTED IN PART** to the extent that Dkt. Nos. 178, 179, and 186 shall be unsealed for the limited purpose of mailing to Sperow.  **IT IS DENIED IN ALL OTHER RESPECTS**.

2. The Clerk of Court shall file this Order in both Case No. 1:06-cr-126-BLW and Case No. 1:12-cv-00158-BLW.

DATED:  **June 20, 2013**

Honorable B. Lynn Winmill
Chief U. S. District Judge