UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GREGORY FRANK SPEROW,<br><br>Defendant. | Case No. 1:06-cr-126-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Pending before the Court is Gregory Frank Sperow's ("Sperow") Motion for Order to Stay the Sale of Santa Rosa Creek Road Property and Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 1282). Having reviewed the Motion, the Government's Response (Dkt. 1283), Sperow's Reply (Dkt. 1284), the underlying criminal record, and the record in the related § 2255 proceeding (Case No. 1:12-cv-00158-BLW), the Court enters the following Order denying the Motion.

# BACKGROUND

The Court has recited the factual and procedural background of this case in numerous prior decisions. However, in order to provide context for consideration of the pending Motion, the Court provides an abbreviated factual summary but a more detailed procedural summary regarding the forfeiture issues.

**MEMORANDUM DECISION AND ORDER - 1**

1. **Factual**

On June 19, 2006, Sperow was indicted by a federal grand jury in the District of Idaho along with eleven other individuals and charged with drug trafficking, money laundering, and related forfeitures. *Indictment*, Dkt. 1. Sperow and five others were also charged with operating a continuing criminal enterprise from 1975 through June 16, 2006, in over twenty states. *Id*. The 196-page indictment included 98 predicate acts in connection with the criminal enterprise count. *Id*.

During his approximately thirty years of criminal activity, Sperow was convicted of drug trafficking charges in the districts of New Mexico, Southern California, and Oregon and sentenced to terms of incarceration in each case. Prior to the Oregon conviction, he had been a fugitive for eight years living under an assumed identity. His drug trafficking and money laundering activities continued during his fugitive years. He was arrested on May 26, 2004, in Orinda, California, on a District of Oregon warrant. The prosecution of the Idaho case commenced after the Oregon case was concluded.

2. **Procedural**

After many unsuccessful pre-trial challenges, Sperow ultimately pleaded guilty to certain charges in the Second Superseding Indictment in return for several concessions by the Government. He pleaded guilty pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) binding Plea Agreement to conspiracy to distribute/possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count Two); conspiracy to launder money in violation of 18 U.S.C. § 1956(h) (Count Three); drug forfeiture pursuant to 21 U.S.C. § 853(a)(1) and (2) (Count Seven);

**MEMORANDUM DECISION AND ORDER - 2**

and money-laundering forfeiture pursuant to 18 U.S.C. § 982(a)(1) (Count Eight). *Plea Agreement*, Dkt. 666.[1] Counts Seven and Eight sought forfeiture of cash proceeds of $16,000,000 and the property described in Count Six which included thirteen parcels of real property, thirteen bank accounts, six conveyances including motor vehicles and aircraft, currency, computer and hard drive, and the property and proceeds of ten businesses.

The Plea Agreement contained a waiver of the right to appeal any non-reserved issues, including forfeiture issues. *Plea Agreement* at 15. It also contained provisions whereby Sperow agreed not to contest any forfeiture. *Plea Agreement* at 10-11.

As relevant to the pending Motion, the Plea Agreement contained two provisions conditionally placing limitations on the forfeiture of certain properties. First, it provided that "in consideration for the defendant's complete and truthful cooperation," the Government would not seize, seek a final order of forfeiture, or sell three specifically identified properties. The Santa Rosa property was not among those identified. *Plea Agreement* at 8-9. Second, the Plea Agreement provided that the Government would not seize or sell two other identified properties, one of which *was* the Santa Rosa property, during the pendency of Sperow's direct appeal on two reserved issues. *Plea Agreement* at 9.

---

[1] The Plea Agreement was amended by interlineation of the parties the day of the plea hearing to correct an error. For ease of reference, the Court will refer to the Amended Plea Agreement as the "Plea Agreement."

**MEMORANDUM DECISION AND ORDER - 3**

As reflected in the Judgment, on June 25, 2009, the Court imposed a sentence of 181 months on each of Counts Two and Three to run concurrently. *Judgment*, Dkt. 883. The following day, the Court entered a Preliminary Order of Forfeiture covering, inter alia, the subject Santa Rosa property, forfeiture of which was "to be handled as described in the Plea Agreement." *Preliminary Order of Forfeiture*, Dkt. 872 at 20. Included in the written Judgment entered July 1, 2009, was a provision that Sperow would forfeit to the United States his interest in "[a]ll properties set out in the Preliminary Order of Forfeiture" which had, in turn, referenced the Plea Agreement provision regarding the Santa Rosa property. *Judgment*, Dkt. 883 at 6.

On December 26, 2010, the Ninth Circuit affirmed this Court's decisions on the reserved issues on appeal. *USCA Mem. Dec.*, Dkt. 1130. On March 30, 2015, the Court dismissed Sperow's timely filed § 2255 Motion on the merits and declined to issue a certificate of appealability. *Mem. Dec. and Order*, Case No. 1:12-cv-00158-BLW, Dkt. 61. Among the numerous issues the Court rejected was Sperow's claim that at the time of the change of plea hearing, the Government had agreed to return the Santa Rosa property. *Id.* at 24; 55-56. On July 9, 2015, the Ninth Circuit denied Sperow's request for a certificate of appealability. *USCA Order*, Civ. Dkt. 65. On September 18, 2015, the Ninth Circuit denied his motion for reconsideration en banc. *USCA Order*, Civ. Dkt. 66. Finally, on March 21, 2016, the United States Supreme Court denied Sperow's petition for a writ of certiorari. *Ltr. from Sup. Ct.*, Civ. Dkt. 68.

Throughout the pendency of the § 2255 proceeding, Sperow filed several motions in the criminal case including a Motion to Stay Final Order of Forfeiture (Dkt. 1155)

regarding real property in Lancaster, California, and a Motion for Return of Non-Forfeited Property, Non-Contraband Property Pursuant to Rule 41(g) (Dkt. 1207). Recently, he has filed a notice demanding the Government to cease and desist from collecting rents on another property and advising that he plans to seek a temporary restraining order and preliminary injunction. *Notice to the United States to Cease and Desist and Refrain from Further Management and Collection of Rents of the Property Located at 1433/35 Mount Pleasant Street in Los Angeles*, Dkt. 1286.

On December 29, 2016, the Court entered a Final Order of Forfeiture as to Santa Rosa Property. Dkt. 1257. The Order also granted the Government's Motion to Strike Letter of Bruce Borjesson (Dkts. 1254 and 1255). In the letter received and filed with the Court on October 24, 2016, Mr. Borjesson, as Successor Trustee of the Sperow Family Trust, had opposed the forfeiture of the Santa Rosa Creek property on the grounds that he had not had enough time to seek legal counsel on Sperow's behalf. The Government requested that the Motion be stricken on the grounds that Mr. Borjesson had not followed the proper procedure for contesting the forfeiture and that the time for making claims had expired in 2009.

On January 13, 2017, Sperow filed a Notice of Appeal of the Final Order of Forfeiture. *Notice of Appeal*, Dkt. 1260. That appeal is still pending before the Ninth Circuit in Case No. 17-30006. On August 25, 2017, he filed the pending Motion to Stay the Sale of the Santa Rosa property pending resolution of that appeal claiming that he was not served with the Government's Motion for Final Order of Forfeiture (Dkt. 1256) and was thus deprived of the opportunity to challenge the forfeiture in violation of his

**MEMORANDUM DECISION AND ORDER - 5**

due process rights. He alleges that after filing his opening brief with the Ninth Circuit on July 31, 2017, he discovered that the property had been posted with a notice of auction. The Government contends that "[t]he Santa Rosa property is not currently listed for sale and no sale is imminent at this time." *Affidavit of Kevin T. Maloney*, ¶ 5, Dkt. 1283-1.

## STANDARD OF LAW

The analysis required for a temporary restraining order and a preliminary injunction are "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). The party seeking an injunction must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities/hardship tips in their favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def Council*, 555 U.S. 7, 20-23 (2008). "[S]erious questions on the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). This "sliding scale approach" allows a party to make a lesser showing of likelihood of success provided he will suffer substantial harm in the absence of relief. *Id*. at 1133. Under this approach, however, "serious questions going to the merits" requires more than showing that "success is more likely than not;" it requires a plaintiff to demonstrate a "substantial case for relief on the merits." *See Leiva-Perez v. Holder*, 640 F.3d 962, 967-68 (9th Cir. 2011).

## DISCUSSION

Sperow requests the Court "to protect the status quo" pending appeal of the Final Order of Forfeiture pertaining to the Santa Rosa property, claiming that he would be irreparably harmed if he prevailed on appeal but the property had been sold in the interim. *Motion*, at 4. Yet, the time for challenging the forfeiture occurred well before entry of the Final Order of Forfeiture as is evident from a previous similar unsuccessful forfeiture challenge.

Sperow has failed to meet the first required showing for a temporary restraining order or a preliminary injunction – likelihood of success on the merits. Indeed, he has not even demonstrated that success on appeal is "more likely than not" much less demonstrated a "substantial case for relief on the merits" that would allow application of the "sliding scale approach" even if the Court were to assume – which it does not – that the balance of hardships tips sharply towards him. Significantly, Sperow agreed to forfeit the Santa Rosa property if he did not prevail on appeal, and he waived the right to contest any forfeitures. He did not prevail. Next, as indicated above, the Court previously adjudicated the Santa Rosa property forfeiture issue in the § 2255 proceeding, thus Sperow is barred from raising it again. *See Bravo-Fernandez v. United States*, 137 S. Ct. 352, 358 (2016) (issue preclusion "ordinarily bars relitigation of an issue of fact or law raised and necessarily resolved by a prior judgment."). Furthermore, whether he received the Motion for Final Order of Forfeiture is irrelevant. He had ample notice of the preliminary forfeiture of the Santa Rosa property before sentencing when the Motion for Preliminary Order of Forfeiture was filed, when the Preliminary Order of Forfeiture was entered, in open court during his sentencing, and in the written Judgment. *See* Dkts. 666,

**MEMORANDUM DECISION AND ORDER - 7**

855, 858, 870, 872, and 883. Finally, the Ninth Circuit previously dismissed as untimely his appeal of the Final Order of Forfeiture of the Lancaster property. *See United States v. Sperow*, No. 11-30132, *Order* Dkt. 6 (Ninth Circuit Aug. 4, 2011) (finding 2011 appeal of final order of forfeiture untimely where entry of the preliminary order of forfeiture had been entered and became final as to Sperow in 2009); *id.* Dkt. 13 (dismissing appeal as untimely after Government argued various forms of notice received by Sperow). Likewise, here, the order of forfeiture of the Santa Rosa property became final as to Sperow in 2009 or, at the very latest, after he lost on appeal on December 26, 2010.

## CONCLUSION

Sperow's pending Motion seeking to stay the sale of the Santa Rosa property and for a temporary restraining order and preliminary injunction is denied based on lack of foundation, untimeliness, and issue preclusion. Given the failure to demonstrate likelihood of success on the merits, the Court need not consider the remaining factors.

## ORDER

**IT IS ORDERED that** Sperow's Motion for Order to Stay the Sale of Santa Rosa Creek Property (Dkt. 1282) is **DENIED**.

DATED: January 29, 2018

B. Lynn Winmill
Chief U.S. District Court Judge